UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LEE BROOKINS, | No. 1:24-cv-01158-SAB (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| v. | |
| L. MARTINEZ, et al., | FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF PAY THE $405.00 FILING FEE FOR THIS ACTION |
| Defendants. | |

Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on September 27, 2024.[1]  Plaintiff has not paid the $405.00 filing fee or submitted an application to proceed in forma pauperis.  Nonetheless, a review of this Court's case filing system reveals that Plaintiff has suffered three or more strikes under 28 U.S.C. § 1915(g) and is not authorized to proceed in forma pauperis unless he was under imminent danger of serious physical harm at the time the action was filed.

///

---

[1] The "mailbox rule" announced by the Supreme Court in Houston v. Lack, 487 U.S. 266 (1988), applies to section 1983 cases. See Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).  Pursuant to the mailbox rule, pro se prisoner legal filings are deemed filed on the date the prisoner delivers the document to prison officials for forwarding to the court clerk. Id. The proof of service attached to the Complaint is dated September 27, 2024, which the Court adopts as this action's constructive filing date.

1

**I.**

**DISCUSSION**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the complaint was filed, under imminent danger of serious physical injury. The Court takes judicial notice[2] of the following United States District Court cases: (1) Brookins v. Dwivedi, No. 1:18-cv-00645-DAD-GSA (E.D. Cal. Sept. 7, 2021) (dismissed under Fed. R. Civ. P. 12(b)(6) finding action time-barred by applicable statute of limitations); (2) Brookins v. Metts, et al., No. 1:17-cv-01539-DAD-SAB (E.D. Cal. Jan. 9, 2019) (dismissed for failure to state a cognizable claim); (3) Brookins v. Slayton, No. C-92-3688 BAC (N.D. Cal. Apr. 23, 1993) (dismissed under Fed. R. Civ. P. 12(b0(6) finding defendant entitled to qualified immunity).[3]

///

///

---

[2] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 634 n.1 (N.D. Cal. 1978).

[3] See also Brookins v. Renteria, No. 1:21-cv-01809-JLT- (PC) (E.D. Cal. June 17, 2022) (finding plaintiff suffered three or more strikes and denying in forma pauperis).

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on September 27, 2024. Andrews, 493 F.3d at 1053-1056.  Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053.  While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

Here, the Court finds that Plaintiff's allegations fail to demonstrate imminent danger of serious physical injury at the time of filing.  In the instant complaint, Plaintiff alleges that on October 13, 2022, sergeant Martinez recorded Plaintiff during an unclothed body search. (ECF No. 1.)  These allegations clearly do not demonstrate that Plaintiff was in imminent danger of serious physical injury at the time he filed the complaint. See Andrews, 493 F.3d at 1053.  There are simply no facts from which the Court can find any basis that Plaintiff is currently under threat of imminent physical danger to invoke the § 1915(g) exception.  Accordingly, Plaintiff is precluded from proceeding in forma pauperis and must pay the $405.00 filing fee for this action to proceed.

## II.

## CONCLUSION AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that, pursuant to 28 U.S.C. § 1915(g), Plaintiff be directed to pay the $405.00 filing fee in full if he wishes to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)** days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834,

838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**October 2, 2024**__                              _____
                                                                                UNITED STATES MAGISTRATE JUDGE