**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARRY LEE BROOKINS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>L. MARTINEZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:24-cv-1158 JLT SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DIRECTING PAYMENT OF FILING FEE WITHIN 14 DAYS<br><br>(Doc. 8) |

Barry Lee Brookins requested to proceed *in forma pauperis* in this action, in which he asserts the defendants violated his civil rights while incarcerated at Kern Valley State Prison. (*See* Docs. 1, 2.) Previously, the Court found Plaintiff is subject to the three strikes bar under 28 U.S.C. § 1915(g) and directed Plaintiff pay the fee within 21 days. (Docs. 5, 7.) In response, Plaintiff filed a motion regarding his objections and seeking clarification on the Court's order dated October 27, 2024. (Doc. 8.)

The Court construes Plaintiff's motion to be a motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) permits a court to relieve a party from an order "for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

1

>(3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;
>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted).  A party seeking reconsideration "must demonstrate both injury and circumstances beyond his control…."  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks, citations omitted) (emphasis in original).  Further, Local Rule 230(j) requires a moving party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion;" and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Plaintiff appears to argue that the Court erred in addressing his objections to the Findings and Recommendations and in finding that Plaintiff has three strikes under Section 1915(g).  (Doc. 8.) As an initial matter, Plaintiff contends his objections to the Findings and Recommendations were timely because he received the Findings and Recommendations on October 7, 2024, and he placed his objections in the prison mail system on October 18, 2024.  (*Id.* at 1-2.)  Notably, the Court did not reject the objections as untimely, or make any findings regarding the timeliness of the objections in its order.  (*See generally* Doc. 7.)  Rather, the Court considered the objections and found Plaintiff did "not meaningfully contest that he suffered three or more strikes and that

his complaint fails to allege imminent danger." (*Id.* at 1.)

Plaintiff now asserts—for the first time—that the Court erred in finding *Brookins v. Dwivedi*, Case No. 1:18-cv-00645-DAD-GSA, and *Brookins v. Metts, et al.,* Case No. 1:17-cv-01539-DAD-SAB, qualified as strikes 28 U.S.C. § 1915(g). (Doc. 8 at 2.) According to Plaintiff, *Dwivedi* was wrongfully dismissed as barred on the statute of limitations, because it "was a mayhem complaint and there is no statute of limitations when it comes to mayhem." (*Id.*) He also contends *Metts* was not dismissed for failure to state a claim, as the Court indicated, but "in all actuality it was considered a wrong jurisdiction complaint which was meant to be resolved at a lower level court or the state not a federal court." (*Id.*) Significantly, however, Plaintiff's assertions are contradicted by the Court's records.

In *Dwivedi*, Plaintiff did not bring a claim for "mayhem," but rather proceeded on a claim under the Eighth Amendment for deliberate indifference to a serious medical need. (*See* Case No. 1:18-cv-0065-DAD-GSA, Docs. 67, 68, 70.) The Court found this claim was barred by the statute of limitations and granted the motion to dismiss. (Case No. 1:18-cv-0065-DAD-GSA, Docs. 83, 93.) As the Court previously determined, this dismissal qualifies as a strike under Section 1915(g). *Belanus v. Clark*, 796 F.3d 1021, 1030 (9th Cir. 2015) (affirming the Court's decision to assess a strike where the plaintiff's claim was barred by the applicable statute of limitations). In addition, *Metts* was not dismissed for jurisdictional defects but for "failure to state a claim upon which relief may be granted." (Case No. 1:17-cv-01539-DAD-SAB, Doc. 13 at 2.) Thus, this action also qualifies as a strike. *See Lomax v. Ortiz-Marquez*, 590 U.S. 595, 599(2020) (the "broad language" of Section 1915(g) "covers all dismissals for failure to state a claim"). Plaintiff fails to show "clear error" by the Court finding the dismissals in *Dwivedi* and *Metts* qualify as strikes under Section 1915(g).

The Court finds that Plaintiff does not present any new or different facts, circumstances, or evidence such that reconsideration of the prior order would be appropriate. Accordingly, the Court **ORDERS**:

    1.    Plaintiff's motion regarding his objections and clarification, construed as a motion for reconsideration (Doc. 8), is **DENIED**.

3

2. Within 14 days following the date of service of this order, Plaintiff **SHALL** pay the $405.00 filing fee in full to proceed with this action.

**If Plaintiff fails to pay the filing fee within the specified time, this action will be dismissed without prejudice.**

IT IS SO ORDERED.

Dated:   **November 15, 2024**                                  /s/ Jennifer L. Thurston
                                                               UNITED STATES DISTRICT JUDGE