**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARRY LEE BROOKINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>L. MARTINEZ, et al.,<br><br>　　　　Defendants. | Case No. 1:24-cv-01158 JLT SAB (PC)<br><br>ORDER DISMISSING THE ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY THE FILING FEE<br><br>(Doc. 16) |

On March 14, 2025, the Court ordered Plaintiff to pay the filing fee for this action, consistent with the prior orders denying his application to proceed *in forma pauperis* and denying his request for reconsideration. (Doc. 16; *see also* Docs. 7, 9.) Despite the Court's warning that failure to comply with the order would result in dismissal (*id.* at 2), Plaintiff failed to pay the required filing fees. Without such payment, the action cannot proceed before the Court. *See Saddozai v. Davis*, 35 F.4th 705, 709 (9th Cir. 2022).

In finding dismissal is appropriate for the failure to pay the filing fee, the Court also considered the factors outlined by the Ninth Circuit for terminating sanctions, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The public's interest in expeditiously resolving this litigation and the

Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). Because Plaintiff delayed the action though his failure to obey the Court's order to pay the filing fee, the third factor also supports dismissal. Further, the Court warned that "[f]ailure to pay the filing fee in full will result in the dismissal of without prejudice for failure to comply with a Court's order." (Doc. 16 at 2, emphasis omitted). Notably, the Court need only warn a party once that the matter could be dismissed to satisfy the requirement of considering alternative sanctions. *Ferdik*, 963 F.2d at 1262. Consequently, the *Henderson* factors weigh in favor of dismissal for Plaintiff's failure to pay the filing fee as ordered. *Malone v. U.S. Postal Service*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (explaining that although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors"). Based upon the foregoing, the Court **ORDERS**:

1. This action is **DISMISSED** without prejudice.
2. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: __April 8, 2025__                                         _____
                                                                                        UNITED STATES DISTRICT JUDGE